| | |
|---|---|
| HODGSON RUSS LLP<br>1540 Broadway, 24th Floor<br>New York, New York 10036<br>Telephone: (212) 751-4300<br>Facsimile: (212) 751-0928<br>Heidi J. Sorvino<br>James C. Thoman<br>Carmine J. Castellano | Hearing Date:  June 5, 2013 at 10:00 a.m.<br>Objection Deadline:  May 29, 2013 |

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**KESTREL TECHNOLOGIES, INC.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>Case No. 12-15052 (JMP)<br><br>(Jointly Administered) |

### NOTICE OF DEBTORS' MOTION TO EXTEND THEIR EXCLUSIVE PERIODS AND ACCEPTANCE PERIODS UNDER 11 U.S.C. § 1121(D)

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through their attorneys, Hodgson Russ LLP, seek entry of an order pursuant to 11 U.S.C. §1121(d) for extensions of their exclusive periods and acceptance periods (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, Courtroom 623, New York, New York  10004 on **June 5, 2013 at**

---

[1]    The Debtors are the following entities: Kestrel Technologies, Inc., and Kestrel Solutions, LLC. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

**10:00 A.M.** (prevailing Eastern Time) or as soon thereafter as counsel can be heard, to consider entry of an order on the Motion.

**PLEASE TAKE FURTHER NOTICE** that all responses to the Motion must be filed with the Court and served upon: (i) counsel for the Movant at the address set forth below; (ii) counsel for the Official Committee of Unsecured Creditors, Perkins Coie LLP (Attn: Schuyler G. Carroll, Esq.), 30 Rockefeller Plaza, 25th Floor, New York, New York 10112 ; (iii) The United States Trustee's Office (Attn: Richard C. Morrissey, Esq.) 33 Whitehall Street, 21st Floor, New York, New York 10004 and (iv) counsel for the Lender, Rosenberg, Martin & Greenberg, LLP (Attn: Louis J. Ebert, Esq.) 25 South Charles Street, 21st Floor, Baltimore, Maryland 21201, on or before **May 29, 2013** pursuant to the local rules of this Court.

Dated: April 29, 2013
New York, New York

Respectfully submitted,

**HODGSON RUSS LLP**

By: __/s/James C. Thoman__
Heidi J. Sorvino
James C. Thoman
1540 Broadway, 24th Floor
New York, New York 10036
Telephone:   (212) 661-3535

Hearing: Date: June 5, 2013 at 10:00 a.m.
Objection Deadline: May 29, 2013 at 4:00 p.m.

HODGSON RUSS LLP
1540 Broadway, 24th Floor
New York, New York 10036
Telephone: (212) 751-4300
Facsimile: (212) 751-0928
Heidi J. Sorvino, Esq.
James C. Thoman, Esq.
Carmine J. Castellano, Esq.

*Counsel to the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

KESTREL TECHNOLOGIES, INC. et al,                    Case No. 12-15052
                                                      Chapter 11 Case

                        Debtors[1].                   Jointly Administered

---

## MOTION BY DEBTORS TO EXTEND THEIR EXCLUSIVE PERIODS AND ACCEPTANCE PERIODS UNDER 11 U.S.C. § 1121(d)

Kestrel Technologies, Inc., and Kestrel Solutions, LLC, debtors in possession in the above captioned case (each a "Debtor" and, collectively, the "Debtors"), respectfully move this Court, pursuant to 11 U.S.C. § 1121(d) for extensions of their exclusive periods and acceptance periods with respect to proposing plans.

---

[1] The Debtors are the following entities: Kestrel Technologies, Inc. ("Kestrel Technologies"), and Kestrel Solutions, LLC ("Kestrel Solutions"). The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

073811.00000 Litigation 9119129v1

## **BACKGROUND AND JURISDICTION**

1. On December 31, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continues to operate their businesses as debtors-in-possession.

2. The Official Committee of Unsecured Creditors (the "Creditors' Committee") was appointed in these cases by the Office of the Unites States Trustee on January 29, 2013.

3. The Court approved the joint administration of the Debtors' chapter 11 cases pursuant to Rule 1015(b) of the FRBP by order dated January 18, 2013.

4. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Edward L. Bishop, III ("Bishop"), the Debtors' Chairman and President, which is incorporated herein by reference.

5. On January 17, 2013, the Debtors filed an Amended Motion For Entry Of (I) An Order Approving and Authorizing (A) Bidding Procedures in Connection With The Sale of Substantially All of the Debtors' Assets, (B) Stalking Horse Bid Protections, (C) Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With the Sale of Substantially all of the Debtors' Assets and (D) The Form and Manner of Notice of the Sale Hearing; and (II) An Order Approving and Authorizing (A) The Sale Of Substantially all of the Debtors' Assets Free and Clear of Claims, Liens, Liabilities, Rights,

Interests and Encumbrances, (B) The Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement and (C) The Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases.

6. On February 27, 2013, the Court entered an order approving the Bidding Procedures and scheduling an auction sale of certain of the Debtors' assets. The Debtors' assets have been actively marketed for approximately 60 days and an auction sale is to be conducted on May 7, 2013. A sale hearing with respect to approval of the proposed sale of assets is scheduled for May 9, 2013.

7. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Bankruptcy Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

8. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the date of the order for relief during which the debtor has the exclusive right to file a chapter 11 plan. Section 1121(c) of the Bankruptcy Code provides that if the debtor files a chapter 11 plan within the 120-day exclusivity period, it has a period of 180 days after the date of the order for relief to solicit and obtain acceptances, during which time competing plans may not be filed. In these cases, the Debtors' preliminary exclusive periods to file plans expire on April 30, 2013, and the attendant solicitation periods expire on June 29, 2013.

9. By this motion (the "Motion"), the Debtors seek an order pursuant to section 1121(d) of the Bankruptcy Code extending the Debtors' exclusive periods within which to

073811.00000 Litigation 9119129v1

file and solicit acceptances of their respective plans (the "Debtors' Exclusive Periods") from April 30, 2013 and June 29, 2013, respectively, to August 28, 2013 and September 27, 2013, respectively. As the sale process is not complete, the Debtors seek these extensions to avoid the necessity of having to formulate their plans prematurely and to ensure that their plans best address the interests of the Debtors, their respective creditors and estates.

10. The Debtors' goal is to develop and propose chapter 11 plans that will receive support from their various constituencies. Additional work and progress is necessary on many fronts in connection with the determination of whether feasible plans may be developed.

### Applicable Authority

11. Pursuant to section 1121(d) of the Bankruptcy Code, this Court may extend a debtor's exclusive periods upon a demonstration of cause:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d).

12. The Congressional intent woven throughout chapter 11 is that the principal means of a successful case should be a considered and consensual plan. *In re Perkins*, 71 B.R. 294, 297 (W.D. Tenn. 1987). To promote the formulation of a considered and consensual plan, Congress gave the debtor the exclusive right to propose a chapter 11 plan for an initial 120-day period. *See In re Ames Dep't Stores, Inc.*, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor the flexibility to

negotiate with its creditors."). Pursuant to section 1121(d) of the Bankruptcy Code, this initial period of exclusivity can be extended for "cause".

13. Whether "cause" exists to extend a debtor's exclusive periods to file and solicit acceptances of a chapter 11 plan is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. *See In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987). Congress intended to give the bankruptcy court maximum flexibility to make such determination. *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).

14. In determining whether cause exists to extend a debtor's exclusive periods, courts have considered the following factors:

(i) the size and complexity of the case;

(ii) the need for more time to allow the debtor to negotiate a consensual plan and prepare adequate information;

(iii) whether the debtor has made good faith progress toward preparing a plan;

(iv) whether the debtor has been paying its debts when due;

(v) whether the debtor has demonstrated reasonable prospects for filing a viable chapter 11 plan;

(vi) whether the debtor has made progress in negotiating with its creditors;

(vii) the length of time the case has been pending;

(viii) whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's demands; and

(ix) whether unresolved contingencies that may affect the viability of a chapter 11 plan exist.

*In re Tripodi*, No. 04-30793, 2005 LEXIS 1981, at *4 (Bankr. D. Conn. 2005).

15. While not all factors are relevant to every case, the courts have used a subset of the above factors to determine whether cause exists, *In re Hoffinger Indus.*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003), and further consider the totality of circumstances of a given case. *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997). An analysis of the various factors noted above demonstrates that sufficient cause clearly exists for the extension of the Debtors' Exclusive Periods to August 28, 2013 and September 27, 2013, respectively.

16. First, as discussed above, the sale process for the Debtors' assets is in progress. It is unclear whether there will be any possible distribution to unsecured creditors following the sale process. Completion of the sale transaction is necessary in order for the Debtors to prepare a disclosure statement containing adequate information, thus warranting the requested extensions of the Debtors' Exclusive Periods.

17. The Debtors have been paying necessary post-petition operating expenses when due. The fact that the Debtors have sufficient liquidity to pay their post-petition debts as they come due supports the granting of an extension of the Debtors' Exclusive Periods, because it suggests that such an extension will not jeopardize the rights of post-petition creditors. The Debtors have been paying, and intend to continue to pay, their undisputed post-petition debts as they come due, and they anticipate having sufficient liquidity due to the debtor in possession financing to do so. Following the auction sale the Debtors should not have significant non-professional operating expenses.

18. The Debtors believe that, based on the progress to date, extensions of the Debtors' Exclusive Periods are warranted.

19. This is the first request for extensions of the Debtors' Exclusive Periods, and it is made only four months after the Petition Date. As such, the Debtors are not yet in a position to accurately evaluate the universe of claims against them, finalize plans or prepare disclosure statements containing adequate information. In addition, the Debtors have been working diligently to liquidate their assets in an orderly fashion, but require additional time to file a plan and disclosure statement. Accordingly, an extension of the Debtors' Exclusive Periods is warranted. The Debtors seek this extension to ensure they have sufficient time to develop appropriate chapter 11 plans. Allowing the Debtors' Exclusive Periods to terminate at this premature point would defeat one of the primary purposes of § 1121 of the Bankruptcy Code, which is the development of a confirmable plan. *See, Mid-State Raceway, Inc.*, 323 B.R. 63, 68 (Bankr. N.D.N.Y. 2005).

20. Based upon the foregoing, the Debtors respectfully submit that ample cause exists under the Bankruptcy Code and the applicable case law for the requested extensions of the Debtors' Exclusive Periods from April 30, 2013 and June 29, 2013, respectively, to August 28, 2013 and September 27, 2013, respectively.

21. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

22. Annexed hereto as Exhibit A is a proposed order granting the Motion.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Order as follows:

a. granting the Debtors' first request to extend their exclusive periods within which only the Debtors may file chapter 11 plans until August

      28, 2013;

b.    granting the Debtors' first request to extend their acceptance periods within which the Debtors may solicit acceptances of said plans until September 27, 2013; and

c.    granting such other and further relief as to the Court may seem just and proper.

April 29, 2013

> By:  */s/ James C. Thoman*
> Heidi J. Sorvino
> James C. Thoman
> Carmine J. Castellano
>
> HODGSON RUSS LLP
> 1540 Broadway, 24th Floor
> New York, New York 10036
> Telephone: (212) 751-4300
> Facsimile: (212) 751-0928
>
> *Counsel to the Debtors*
> *and Debtors in Possession*