Hearing Date: June 12, 2013 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: June 5, 2013 at 4:00 p.m. (prevailing Eastern Time)

HODGSON RUSS LLP
1540 Broadway, 24th Floor
New York, New York 10036
Telephone: (212) 751-4300
Facsimile: (212) 751-0928
Heidi J. Sorvino
James C. Thoman
Carmine J. Castellano

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>KESTREL TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 12-15052 (JMP)<br><br>(Jointly Administered) |

**DEBTORS' MOTION, PURSUANT TO SECTION 365 OF**
**THE BANKRUPTCY CODE, TO REJECT THE LICENSE**
**AGREEMENT WITH BONDHAWK TECHNOLOGIES, LLC**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Kestrel Technologies, Inc. and Kestrel Solutions, LLC, as debtors and debtors in possession in this proceeding (collectively, the "Debtors"), respectfully represent as follows:

**Background and Jurisdiction**

1. On December 31, 2012 (the "Petition Date"), both Debtors filed voluntary

---

[1] The Debtors are the following entities: Kestrel Technologies, Inc., and Kestrel Solutions, LLC. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

   2. The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

   3. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Edward L. Bishop, III (the "Bishop Decl.") Pursuant to Local Bankruptcy Rule 1007-2, which is incorporated herein by reference.

   4. On May 20, 2013, the Court entered an order authorizing the sale (the "Sale") of substantially all of the Debtors' assets to Technology Funding, LLC (the "Buyer"). (Docket # 82.)

   5. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

   6. Pursuant to section 365 of the Bankruptcy Code, the Debtor seeks the entry of an order authorizing it to reject the Software License and System Development & Support Agreement, entered into as of March 22, 2010, by and among the Debtors, on the one hand, and BondHawk Technologies, LLC ("BondHawk"), on the other hand (the "License Agreement"), a copy of which is attached hereto as *Exhibit A*, effective immediately upon the closing of the Sale.

2

**Facts Relevant to This Motion**

7. Currently, the Debtors own all rights, title, and interest in the RAPTr fixed-income order management system (the "RAPTr IP").

8. Under the License Agreement, the Debtors granted to BondHawk an exclusive field-of-use license to the RAPTr IP. However, to the extent that Bondhawk improved or enhanced the RAPTr IP (the "Improvements"), BondHawk owns such Improvements.

9. The License Agreement is an "executory contract" within the meaning of section 365 of the Bankruptcy Code, capable of being rejected by the Debtors.

10. On May 20, 2013, the Court authorized the Debtors to sell certain assets— including their rights to the RAPTr IP—to the Buyer pursuant to an asset purchase agreement (as amended, the "APA"). (Docket # 82.) The Improvements are separate and distinct from the assets being sold to the Buyer in the Sale.

11. The Debtors have determined that the License Agreement is neither necessary nor valuable to their estates. After the Sale closes, the Debtors will no longer own the rights to the RAPTr IP. If the Sale does not close, the License Agreement will not be rejected. In either event, BondHawk will retain all of its rights, title, and interest in the Improvements as provided in the License Agreement. Accordingly, at this time, the Debtors have no further need for the License Agreement and it is no longer beneficial to their estates.

**Basis for Relief Requested**

12. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's

3

estate and is an exercise of sound business judgment. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993); *In re Gucci*, 193 B.R. 411, 415 (S.D.N.Y. 1996); *In re Old Carco LLC (f/k/a Chrysler LLC)*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009).

13. Generally speaking, courts defer to a debtor's business judgment in rejecting executory contracts or unexpired leases. *In re Balco Equities, Ltd.*, 323 B.R. 180, 188 (Bankr. S.D.N.Y. 2005); *In re Riodizio*, 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997). The business judgment test is a "flexible one" that requires a showing that rejection will benefit the debtor's estate. *See Bregman v. Meehan (In re Meehan)*, 59 B.R. 380, 385 (E.D.N.Y. 1986); *In re Helm*, 355 B.R. 528, 538 (Bankr. S.D.N.Y. 2006).

14. In this case, the License Agreement is no longer necessary or valuable to the Debtors' reorganization. Once the Sale closes, the Debtors will neither own the rights to the RAPTr IP nor have a further need for the License Agreement. On the other hand, if the Sale does not close, rejection of the License Agreement will not take place. In either event, BondHawk will retain all of its rights, title, and interest in the Improvements as provided in the License Agreement.

15. Accordingly, in the sound exercise of their business judgment, the Debtors have determined that the rejection of the License Agreement pursuant to section 365 of the Bankruptcy Code, effective as of the closing of the Sale, is in the best interests of their estates.

### Notice

16. The Debtors have served notice of this motion on (a) the Office of the United States Trustee for the Southern District of New York; (b) all known creditors of the Debtors; (c) counsel to the Buyer; (d) the Internal Revenue Service; (e) BondHawk, (f) counsel

to the Official Committee of Unsecured Creditors, and (g) those known creditors holding liens on the Debtors' assets. The Debtors submit that no other or further notice need be given.

## **No Prior Request**

17. No prior request for the relief sought in this motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Order substantially in the form attached hereto as ***Exhibit B***, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated:  New York, New York
           May 28, 2013

By:   */s/ Heidi J. Sorvino*
       Heidi J. Sorvino
       James C. Thoman
       Carmine J. Castellano

HODGSON RUSS LLP
1540 Broadway, 24th Floor
New York, New York 10036
Telephone: (212) 751-4300
Facsimile:  (212) 751-0928

*Counsel to the Debtors
and Debtors in Possession*