


Schuyler G. Carroll
Shan Haider
PERKINS COIE LLP
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112
Telephone: (212) 262-6900
Facsimile: (212) 977-1649
scarroll@perkinscoie.com
shaider@perkinscoie.com

Attorneys for the Official
Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| KESTREL TECHNOLOGIES, INC., *et al.*, | Case No. 12-15052 (JMP) |
| Debtors.[1] | (Jointly Administered) |

# SUMMARY OF FIRST APPLICATION FOR INTERIM ALLOWANCE OF COMPENSATION FOR FEES AND REIMBURSEMENT OF EXPENSES FOR PERKINS COIE LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF <u>UNSECURED CREDITORS</u>

| **Filing date:** | December 31, 2012 |
|---|---|
| **Date of appointment:** | Mar. 28, 2013, *nunc pro tunc* to Feb. 12, 2013 |
| **Dates of service for which compensation and reimbursement are sought** | February 12, 2013 - June 30, 2013 |
| **Total amount of compensation for fees:** | $117,258.00 |
| **Total amount of compensation for Expenses:** | $1,445.25 |
| **Previous application:** | None |

---

[1] The Debtors are the following entities: Kestrel Technologies, Inc. and Kestrel Solutions, LLC. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

LEGAL27337081.1

| **Professional/ Paraprofessional** | **Year Admitted** | **Hours Billed** | **Hourly Rate** | **Total for Application** |
|---|---|---|---|---|
| Carroll, Schuyler, *Partner* | 1993 | 76.00 | $825.00 | $62,700.00 |
| Haider, Shan, *Associate* | 2007 | 50.70 | $395.00 | $20,026.50 |
| Moss, Tina, *Partner* | 1993 | 14.60 | $750.00 | $10,950.00 |
| Vanacore, Jeff, *Counsel* | 2003 | 32.40 | $535.00 | $17,334.00 |
| Maag, Mary Lou, *Paralegal* | n/a | 20.20 | $205.00 | $4,141.00 |
| Various Timekeepers* | n/a | 13.00 | $162.04 | $2,106.50 |
| **Total Hours Billed:** | | 206.90 | | |
| **Blended Hourly Rate:** | | | $566.74 | |
| **TOTAL SERVICES RENDERED (First Interim Application Period):** | | | | $117,258.00 |

*Timekeepers who billed fewer than ten hours.

**FIRST APPLICATION FOR INTERIM ALLOWANCE OF COMPENSATION FOR FEES AND REIMBURSEMENT OF EXPENSES FOR PERKINS COIE LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Perkins Coie LLP ("Perkins Coie" or the "Applicant"), pursuant to sections 330, 331 and 503(b) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "Local Rules"), and the procedural guidelines adopted by the Executive Office for the United States Trustees (the "Guidelines"), for its first interim fee application for allowance of compensation for fees and reimbursement of expenses (the "Application") as counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above captioned bankruptcy proceedings. As counsel to the Committee, Perkins Coie respectfully states:

**PRELIMINARY STATEMENT**

1. Perkins Coie assisted the Committee throughout these cases and focused much of its efforts on ensuring the sale process was designed to maximize value and protect the interests of unsecured creditors. As a result of the efforts of the Committee and its professionals, the sale proceeds have been placed in escrow subject to resolution of a dispute with the Internal Revenue Service. Perkins Coie believes that the lien asserted by the Internal Revenue Service does not extend to a substantial portion of the sale proceeds and will be working towards a resolution that will allow for a distribution to unsecured creditors.

2. Perkins Coie's efforts also addressed issues relating to the DIP Financing. As a result of the efforts of the Committee professionals substantial changes were made to the DIP Financing. One of the changes was to earmark $100,000 from the budget to be paid to the Committee's Professionals. In light of the current status of these cases and that presently no

other funds are available for payments to the Committee's Professionals, while Perkins Coie requests interim allowance of the total amount of fees and expenses incurred, Perkins Coie at this time, only will be paid $50,000[2] or approximately 40%.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this Application pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue for this bankruptcy proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein are sections 330, 331 and 503(b) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

5. On December 31, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

On January 18, 2013, the Court entered an order directing the Debtors' two Chapter 11 cases to be jointly administered under the above case number. No trustee or examiner has been appointed in these Chapter 11 cases.

6. On January 29, 2013, the Office of the United States Trustee for Region 2 appointed three (3) members to the Committee pursuant to Sections 1102(a) and 1102(b) of the Bankruptcy Code. On February 12, 2013, the members of the Committee selected and formally voted to retain Perkins Coie as counsel, subject to the approval of the Court.

---

[2] The remaining $50,000 would be paid to Gavin/Solmonese LLC upon approval of its fee application.

7.   On March 28, 2013, the Court entered an order authorizing the retention of Perkins Coie as counsel to the Committee pursuant to sections 328 and 1103 of the Bankruptcy Code, *nunc pro tunc* to February 12, 2013 [Docket No. 72] (the "Retention Order"). A copy of the Retention Order is annexed hereto as Exhibit A.

8.   Under the Retention Order, the Court authorized Perkins Coie to provide legal services including, but not limited to the following:

   a. to assist, advise, and represent the Committee in its consultation with the Debtors relative to the administration of this Chapter 11 case;
   b. to assist, advise, and represent the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales or dispositions;
   c. to attend meetings and negotiate with the representatives of the Debtors and secured creditors;
   d. to assist and advise the Committee in its examination and analysis of the conduct of the Debtors' affairs;
   e. to assist the Committee in the review, analysis, and negotiation of any financing or funding agreements;
   f. to take all necessary actions to protect and preserve the interests of the Committee, including, without limitation, the prosecution of actions on its behalf, negotiations concerning all litigation in which the Debtors are involved, and review and analysis of all claims filed against the Debtors' estate;
   g. to generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports, and papers in support of positions taken by the Committee; and
   h. to perform all other necessary legal services in this case.

## LEGAL SERVICES RENDERED

9.   Perkins Coie's representation has provided significant value to the Committee and the creditors. Much of Perkins Coie' efforts were focused on ensuring the sale process was designed to maximize value and protect the interests of unsecured creditors. As a result of the efforts of Perkins Coie, working with Gavin/Solmonese LLC and the Committee members and its professionals, the sale proceeds have been placed in escrow subject to resolution of a dispute

with the Internal Revenue Service. Perkins Coie believes that the lien asserted by the Internal Revenue Service does not extend to a substantial portion of the sale proceeds and that a portion of the proceeds should be available for distribution to unsecured creditors. Perkins Coie negotiated an agreement on behalf of the Committee that provides for the Committee and the Internal Revenue Service to attempt to resolve this dispute.

10. During the period covered by this Application, February 12 through and including June 30, 2013, (the "Fee Application Period"), Perkins Coie provided services to the Committee in accordance with its instructions and directions. During this Application Period Perkins Coie handled numerous pertinent matters, including the following:

   a. Analyzing the Debtors' proposed sale of assets, including the pre- and post-petition marketing efforts;
   b. Working with Gavin/Solmonese to develop additional marketing efforts;
   c. Contacting other parties that may have interest in purchasing the Debtors' assets;
   d. Negotiating with the Debtors, the Stalking Horse Bidder/DIP Lender and the IRS on the terms of the DIP Financing, Bidding Procedures and Sale of assets;
   e. Analyzing and preparing objections to the terms of DIP financing agreements, attending DIP financing hearings, negotiating DIP financing terms;
   f. Analyzing and preparing objections to the Debtors' bid procedures and sale motion, negotiating bid procedures, negotiating issues related to submission of bidding procedures absent consent, conferences regarding stalking horse issues, marketing materials, and developing strategy to maximize recovery for unsecured creditors;
   g. Preparing for and participating in hearings on purchase of debtors' assets;
   h. Communicating with various creditors, including answering creditors' questions;
   i. Conferring with Committee and financial advisors, reviewing and analyzing schedules, statement of financial affairs, monthly operating reports, IRS stipulation, deal documents, other key documents and key employee information, drafting outline of questions to pose to Debtor's representative in preparation for the 341 meeting, and attending and participating in the meeting;
   j. Regularly advising the Committee on various legal matters and issues arising throughout these bankruptcy proceedings;

    k.    Preparing an application for the employment and retention of Perkins Coie as counsel to the Committee and investigating and disclosing connections between Perkins Coie and parties in interest in these proceedings.

## **RELIEF REQUESTED**

Perkins Coie appears before this Court seeking approval of compensation pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code, in the amount of $117,258.00 as an administrative expense for the fair and reasonable value of the legal services rendered by Applicant in this case on behalf of the Committee during the Fee Application Period. Perkins Coie also seeks $1,445.25 for expenses advanced incidental to the professional services rendered on behalf of the Committee during the same period.

Because the DIP Financing earmarked $100,000 from the budget to be paid to the Committee's Professionals and there presently are no other funds available for payments to the Committee's Professionals, while Perkins Coie requests interim allowance of the total amount of fees and expenses incurred, Perkins Coie at this time, only will be paid $50,000 or approximately 40%.

11.    Annexed as Exhibit B are detailed invoices, in the form required by the Court, of all services rendered by Perkins Coie during the Fee Application period. With respect to the legal services for which Perkins Coie seeks compensation, Exhibit B sets forth: the project category for the legal services provided; each date on which legal services were provided; identification of the attorney or paraprofessional who performed the services; the nature of the services performed; the hours spent performing each service; and the dollar value of the services performed.

12. Annexed as Exhibit C is an itemized, chronological statement of all expenses incurred for which Perkins Coie seeks reimbursement.

13. In connection with the Application, disbursements that are actually paid or incurred by Perkins Coie are billed. In providing a reimbursable service to the Committee, Perkins Coie does not make a profit on that service.

14. Perkins Coie has requested reimbursement only for the amount billed by a third party vendor and paid by Perkins Coie to said vendor. In charging for a particular service, Perkins Coie does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay and all such charges are in conformity with the Guidelines.

15. A total of 206.90 hours of legal services have been provided by Perkins Coie on behalf of the Committee during the Fee Application Period, with a fair value, at the regular hourly rate ordinarily charged by Perkins Coie to non-bankruptcy clients. The compensation requested for professional services performed by Perkins Coie on behalf of the Committee represent total compensation at an average blended hourly rate of $566.74.

16. Perkins Coie respectfully asserts that the amounts sought to be recovered by the Fee Application are fair and reasonable given the nature of the services performed on behalf of the Committee. Accordingly, Perkins Coie respectfully requests that the value of its services be fixed in the amount requested above.

17. Upon information and belief, the amounts requested for the legal services rendered by Perkins Coie are less than, or equivalent to, the amount that would be charged by similar law firms for similar legal services.

18. As set forth in the certification attached hereto as Exhibit D, the Application was prepared in accordance with (a) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Local Guidelines") established and adopted by the Court pursuant to General Order M-447, (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C., § 330, adopted on January 30, 1996 (the "UST Guidelines"), and (c) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Interim Compensation Order" and, together with the Local Guidelines and the UST Guidelines, the "Guidelines"). Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, the following exhibits are annexed hereto:

a. **Exhibit A** contains a copy of the Retention Order approving the retention of Perkins Coie as counsel for the Committee;

b. **Exhibit B** contains a billing summary for the Fee Application Period that includes the name of each attorney and paraprofessional for whose work compensation is sought, and each attorney's year of bar admission and area of practice concentration, the aggregate time expenses by each professional and each paraprofessional and the corresponding hourly billing rate at Perkins Coie's current billing rates, and an indication of the individual amounts requested as part of the Application;

c. **Exhibit C** summarizes Perkins Coie's total actual and necessary out-of-pocket expenses and disbursements during the Fee Application Period;

d. **Exhibit D** contains the certification of Schuyler G. Carroll, as counsel for the Committee.

## CONCLUSION

WHEREFORE, Perkins Coie respectfully requests that this Court enter an Order, substantially in the form annexed as **Exhibit E**, (1) authorizing as an administrative expense of this Chapter 11 proceeding, Perkins Coie's reasonable attorney fees in the amount of

- 9 -

$117,258.00 incurred on behalf of the Committee from February 12, 2013 through and including June 30, 2013, together with disbursements advanced by Perkins Coie on behalf of the Committee over the same period in the amount of $1,445.25; (2) authorizing and directing the Debtors to pay Perkins Coie its outstanding attorney fees in the sum of $117,258.00, together with the amount of $1,445.25 for reimbursement of expenses during the same period; and (3) granting such other and further relief as it may deem just and proper.

Dated: New York, New York
       July 29, 2013

PERKINS COIE LLP
*Attorneys for the Official Committee of Unsecured Creditors*

By:  /s/ *Schuyler G. Carroll*
     Schuyler G. Carroll
     Shan A. Haider
     30 Rockefeller Plaza, 22nd Floor
     New York, NY 10112
     Tel: (212) 262-6900
     Fax: (212) 977-1649
     Email: SCarroll@perkinscoie.com
            SHaider@perkinscoie.com