HODGSON RUSS LLP
1540 Broadway, 24th Floor
New York, New York 10036
Telephone: (212) 751-4300
Facsimile: (212) 751-0928
Heidi J. Sorvino, Esq.
James C. Thoman, Esq.
Carmine J. Castellano, Esq.

*Counsel to the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

KESTREL TECHNOLOGIES, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 12-15052 (JMP)

(Jointly Administered)

---

## SUMMARY OF SECOND APPLICATION FOR INTERIM ALLOWANCE OF COMPENSATION FOR FEES AND REIMBURSEMENT OF EXPENSES FOR HODGSON RUSS LLP AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION

**Filing Date:**                                    December 31, 2012 - Voluntary Petition

**Date of Appointment:**                            February 26, 2013, *nunc pro tunc*, as of petition date.

**Dates of Service for Which Compensation
and Reimbursement are Sought:**                     May 1, 2013 through and including October 31, 2013

**Total Amount of Compensation for Fees:**          $96,022.50

---

[1] The Debtors are the following entities: Kestrel Technologies, Inc., and Kestrel Solutions, LLC. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

**Total Amount of Reimbursement for Expenses:**     $ 3,004.17

**Previous Applications:**     The First Interim Fee Application was approved by order of the court on August 20, 2013 [docket no. 114] in the amount of $139,632.50 in fees and $5,870.33 in disbursements, with $111,706.00 in fees to be paid with a holdback of **$27,926.50** to be considered with the final fee application.

**Synopsis of Professional Services Rendered During the Second Interim Fee Application Period (May 1, 2013 through and including October 31, 2013):**

| Professional/ Paraprofessional | Year Admitted to Practice | Hours Billed | Hourly Rate | Total For Application |
|---|---|---|---|---|
| Heidi J. Sorvino, Partner, *Bankruptcy* | 1990 | 49.2 | $700.00 | $34,440.00 |
| James C. Thoman, Partner, *Bankruptcy* | 2003 | 35.0 | $375.00 | $13,125.00 |
| Christine A. Bonaguide, Partner, *Corporate & Securities* | 1996 | 27.3 | $450.00 | $12,285.00 |
| Carmine J. Castellano, Associate, *Bankruptcy* | 2006 | 72.80 | $450.00 | $32,760.00 |
| Renee A. Leek, Paralegal, *Bankruptcy* | n/a | 19.5 | $175.00 | $3,412.50 |
| **Total Hours Billed:** | | 203.0 | | |
| **Blended Hourly Rate (Excluding Paraprofessionals):** | | | $493.75 | |
| **TOTAL SERVICES RENDERED (Second Interim Fee Application Period)** | | | | $96,022.50 |

HODGSON RUSS LLP
1540 Broadway, 24th Floor
New York, New York 10036
Telephone: (212) 751-4300
Facsimile:  (212) 751-0928
Heidi J. Sorvino, Esq.
James C. Thoman, Esq.
Carmine J. Castellano, Esq.

*Counsel to the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

KESTREL TECHNOLOGIES, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 12-15052 (JMP)

(Jointly Administered)

---

### SECOND INTERIM FEE APPLICATION FOR ALLOWANCE OF COMPENSATION FOR FEES AND REIMBURSEMENT OF EXPENSES FOR HODGSON RUSS LLP AS COUNSEL TO THE DEBTORS

Hodgson Russ LLP ("Hodgson Russ" or the "Applicant"), pursuant to sections 330, 331 and 503(b) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "Local Rules"), and the procedural guidelines adopted by the Executive Office for the United States Trustee (the "Guidelines"), for its second interim fee application for allowance of compensation for fees and reimbursement of expenses (the "Application") as counsel to the debtors and debtors in possession

---

[1] The Debtors are the following entities: Kestrel Technologies, Inc., and Kestrel Solutions, LLC. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

in the above captioned bankruptcy proceedings (the "Debtors"). As counsel to the Debtors, Hodgson Russ respectfully states:

## JURISDICTION

1.  This Court has jurisdiction over the subject matter of this Application pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue for this bankruptcy proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory basis for the relief requested herein are sections 330, 331 and 503(b) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND AND CURRENT STATUS

3.  On December 31, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the Bankruptcy Court for the Southern District of New York (the "Court") along with related entity, Kestrel Solutions, LLC (collectively, the "Debtors"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses as debtors-in-possession.

4.  The Official Committee of Unsecured Creditors (the "Creditors' Committee") was appointed in these cases by the Office of the Unites States Trustee on January 29, 2013.

5.  The Court approved the joint administration of the Debtors' chapter 11 cases pursuant to Rule 1015(b) of the FRBP by order dated January 18, 2013 [Docket no. 28].

6.  On February 26, 2013, the Court entered an order authorizing the retention of Hodgson Russ as counsel to the Debtors in the Chapter 11 Cases, pursuant to Section 327 of the

Bankruptcy Code and Local Rule 2090-1(J), effective, *nunc pro tunc*, as of the Petition Date [Docket No. 51] (the "Retention Order"). A copy of the Retention Order is annexed hereto as ***Exhibit A***.

  7. Under its Retention Order, the Court authorized Hodgson Russ to render general legal services to the Debtors as needed throughout the course of its bankruptcy proceeding, including bankruptcy and restructuring, corporate, finance, litigation and regulatory assistance and advice. Specifically, the Debtors anticipated that Hodgson Russ would perform, among others, the following legal services:

  (a) advising the Debtors of their rights, powers and duties as debtors and debtors-in-possession continuing to operate and manage their businesses and properties under chapter 11 of the Bankruptcy Code;

  (b) preparing, on behalf of the Debtors, any necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules and other documents, and reviewing financial and other reports to be filed in these chapter 11 cases;

  (c) advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices and other papers that may be filed and served in these chapter 11 cases;

  (d) advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements, debt and cash collateral orders and related transactions;

(e) reviewing the nature and validity of any liens asserted against the Debtors' properties and advising the Debtors concerning the enforceability of such liens;

(f) advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

(g) counseling the Debtors in connection with the formulation, negotiation and promulgation of a plan or plans of reorganization and related documents;

(h) advising and assisting the Debtors in connection with any potential property dispositions;

(i) advising the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections and lease restructurings and recharacterizations;

(j) assisting the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' estates;

(k) commencing and conducting any and all litigation necessary or appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates or otherwise further the goal of completing the Debtors' successful reorganization;

(l) providing general corporate, litigation, regulatory and other nonbankruptcy services as requested by the Debtors;

(m) appearing in Court on behalf of the Debtors as needed in connection with the foregoing and otherwise; and

(n)    performing any other necessary or appropriate legal services in connection with these chapter 11 cases for or on behalf of the Debtors.

8.    Hodgson Russ' representation has provided significant value to the Debtors, their bankruptcy estates and their creditors.

9.    As Debtors' counsel, Hodgson Russ actively engaged in assisting, advising and representing the Debtors relative to their bankruptcy proceedings, skillfully advised the Debtors with regard to the sale of their businesses and protection of assets, and dutifully provided all legal services required or requested by the Debtors through October 31, 2013. Accordingly, Hodgson Russ is entitled to payment of its reasonable fees and expenses as set forth below.

## LEGAL SERVICES RENDERED

10.    During the period covered by this Application, May 1, 2013 through and including October 31, 2013 (the "Fee Application Period"), Hodgson Russ provided the Debtors with a significant amount of legal services and advice relative to administering their bankruptcy estates.

11.    During the Fee Application Period, Hodgson Russ conducted investigations, analyses and research; participated in conferences, examinations and negotiations along with the Debtors as appropriate; prepared and filed an amended Schedule F, motions, notices, memoranda and other required documents and made court appearances as necessary.

12.    During the prior interim fee application period, the Debtors filed an Amended Motion For Entry Of (I) An Order Approving And Authorizing (A) Bidding Procedures In Connection With The Sale of Substantially All Of The Debtors' Assets, (B) Stalking Horse Bid Protections, (C) Procedures For The Assumption and Assignment of Executory Contracts And Unexpired Leases In Connection With The Sale of Substantially All Of The Debtors Assets and (D)

- 5 -

The Form and Manner Of Notice of The Sale Hearing; and (II) An Order Approving And Authorizing (A) The Sale of Substantially All Of The Debtors' Assets Free and Clear of Claims, Liens, Liabilities, Rights Interests and Encumbrances, (B) The Debtors To Enter Into and Perform Their Obligations Under The Asset Purchase Agreement and (C) The Debtors To Assume and Assign Certain Executory Contracts and Unexpired Leases (the "Sale Motion") seeking to sell substantially all of the Debtors assets [filed on January 17, 2013, docket no. 10]. While the Sale Motion was objected to by the Creditors' Committee, ultimately, an order was entered on May 20, 2013 approving the sale of substantially all of the Debtors' assets to Technology Funding, LLC (the "Buyer") [Docket no. 82].

To consummate the sale, Hodgson Russ prepared, reviewed and revised numerous closing documents required by the Asset Purchase Agreement as well as negotiated with buyer's counsel with respect to the closing documents, closing deliverables and closing logistics. Hodgson Russ also prepared corporate governance documents of the sellers in connection with the closing and participated via telephone in the closing. On or about June 24, 2013, the Debtors and the Buyer closed the Sale.

13.    On May 28, 2013, the Debtors filed a Motion to Reject Lease or Executory Contract for the purpose of rejecting the license agreement with BondHawk Technologies, LLC ("BondHawk") [docket no. 83]. The Debtors determined that the License Agreement was neither necessary nor valuable to their estates after the Sale closed as the Debtors would no longer own the rights to the RAPTr IP, which BondHawk would have retained all of its rights, title, and interest in the Improvements as provided in the License Agreement. An Order approving the rejection of the BondHawk lease was signed on June 12, 2013 [docket no. 92].

14. On July 12, 2013, the Debtors filed a Motion to Reject Lease or Executory Contract and To Abandon Certain Property Associated Therewith to end both a data storage contract and an equipment lease. The Debtors sought to reject the two agreements between Debtor Kestrel Technologies, Inc. ("Kestrel Technologies") and INTERNAP Network Services Corporation for data storage that INTERNAP provided to Debtors with a data center and computer housing services as the service was no longer needed and would save the Debtors' estates approximately $4,465.01 each month. The equipment lease agreement dated February 1, 2010 between Kestrel Technologies and American Milling, L.P. ("American Milling") (the "Equipment Lease"), pursuant to which the Debtors lease certain computer equipment (the "Leased Equipment"). The Leased Equipment was stored by INTERNAP pursuant to the Data Storage Agreements. However, because of the Sale of assets, the Leased Equipment was no longer needed by the Debtors, and would be burdensome to continue to lease and maintain. An Order was issued approving the rejection of Agreements and the Abandonment of the Property contained therein on August 1, 2013 [docket no. 104].

15. The Debtors have not filed a plan or disclosure statement as of the date of this Application. Hodgson Russ has prepared and filed a second motion to extend the exclusive periods for submission of a plan and solicitation of acceptances thereof and an Order was issued on August 23, 2013 approving the extension of their exclusivity periods and acceptance periods [docket no. 115].

16. The Debtors are current with their quarterly obligations to the United States Trustee and have filed monthly operating reports through September, 2013.

17. This Application is intended to provide a brief summary of the services rendered by Hodgson Russ during the Fee Application Period. The Court is respectfully referred to

Exhibits B and C of this Application for a more detailed recitation of the services rendered and disbursements incurred. In accordance with the Guidelines, Hodgson Russ has endeavored to segregate the time entries for work performed in the appropriate categories in as consistent a manner as possible. Because of the multiple timekeepers and the fact that many of the tasks performed overlap between and among the categories, there may be some classification inconsistencies.

## RELIEF REQUESTED

18.    Hodgson Russ appears before this Court seeking approval of compensation pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code, in the amount of $97,177.50 as an administrative expense for the fair and reasonable value of the legal services rendered by Applicant in these cases on behalf of the Debtors during the Fee Application Period. Hodgson Russ requests that the Court order no holdback of fees from this Fee Application Period and, additionally request approval of payment of the holdback fees from the first interim fee application period. At this time, Hodgson Russ respectfully requests the Court's approval for full payment in the amount requested of $96,022.50, and for the payment of prior holdback fees in the amount of $27,926.50, subject to further order of the Court.

19.    Hodgson Russ also seeks $3,004.17 for expenses advanced incidental to the professional services rendered on behalf of the Debtors during the same period.

20.    Annexed as *Exhibit B* is a detailed list, in the form required by the Court, of all services rendered by Hodgson Russ during the Fee Application period. With respect to the legal services for which Hodgson Russ seeks compensation, Exhibit B sets forth: the project category for the legal services provided; each date on which legal services were provided; the initials of the

- 8 -

attorney or paraprofessional who performed the services; the nature of the services performed; the hours spent performing each service; and the dollar value of the services performed.

21. Annexed as *Exhibit C* is an itemized, chronological, monthly statement of all expenses incurred for which Hodgson Russ seeks reimbursement.

22. In connection with the Application, disbursements that are actually paid or incurred by Hodgson Russ are billed. In providing a reimbursable service to the estate, Hodgson Russ does not make a profit on that service.

23. Hodgson Russ has requested reimbursement only for the amount billed by a third party vendor and paid by Hodgson Russ to said vendor. In charging for a particular service, Hodgson Russ does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay and all such charges are in conformity with the Guidelines.

24. A total of 203 hours of legal services have been provided by Hodgson Russ on behalf of the Debtors during the Fee Application Period, with a fair value, at the regular hourly rate ordinarily charged by Hodgson Russ to non-bankruptcy clients. The compensation requested for professional services performed by Hodgson Russ on behalf of the Debtors represent total compensation at an average blended hourly rate, not including paraprofessionals, of $493.75.

25. The services for which Hodgson Russ seeks compensation were and are essential to maximizing the value of the assets being administered by the Debtors.

26. Hodgson Russ respectfully asserts that the amounts sought to be recovered by the Fee Application are fair and reasonable given the nature of the services performed on behalf of

the Debtors. Accordingly, Hodgson Russ respectfully requests that the value of its services be fixed in the amount requested above.

27.   Upon information and belief, the amount requested for the legal services rendered by Hodgson Russ are less than, or equivalent to, the amount that would be charged by similar law firms for similar legal services.

**WHEREFORE**, Hodgson Russ respectfully requests that this Court enter an Order, substantially in the form annexed as ***Exhibit D***, (1) authorizing as an administrative expense of this chapter 11 proceeding, Hodgson Russ' reasonable attorneys' fees in the amount of $96,022.50 incurred on behalf of the Debtors from May 1, 2013 through and including October 31, 2013, together with disbursements advanced by Hodgson Russ on behalf of the Debtors over the same period in the amount of $3,004.17 as well as prior holdback fees from the First Interim Fee Application in the amount of $27,926.50; (2) authorizing and directing the Debtors to pay Hodgson Russ its outstanding attorneys' fees in the sum of $96,022.50, together with the amount of $3,004.17 for reimbursement of expenses during the same period and payment of prior holdback fees in the amount of $27,926.50; and (3) granting such other and further relief as it may deem just and proper.

Dated: New York, New York
November 25, 2013

        **HODGSON RUSS LLP**
        *Counsel for the Debtors and Debtors In Possession*

        By:   /s/ Heidi J. Sorvino
            Heidi J. Sorvino
            James C. Thoman
            Carmine J. Castellano
        1540 Broadway, 24th Floor
        New York, New York 10036
        Telephone: (212) 751-4300
        Facsimile: (212) 751-0928