HODGSON RUSS LLP
1540 Broadway, 24th Floor
New York, New York 10036
Telephone: (212) 751-4300
Facsimile: (212) 751-0928
Heidi J. Sorvino, Esq.
James C. Thoman, Esq.
Carmine J. Castellano, Esq.

*Counsel to the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                              Chapter 11

KESTREL TECHNOLOGIES, INC., *et al.*,               Case No. 12-15052

                                                    (Jointly Administered)
Debtors.[1]

---

### SUMMARY OF FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION FOR FEES AND REIMBURSEMENT OF EXPENSES FOR HODGSON RUSS LLP AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION

**Filing Date:**                                    December 31, 2012 - Voluntary Petition

**Date of Appointment:**                            February 26, 2013, *nunc pro tunc*, as of petition date.

**Dates of Service for Which Compensation
and Reimbursement are Sought:**                     December 31, 2012 through and including April 15, 2014

**Total Amount of Compensation for Fees:**          $30,230.00 for fees not previously approved by the Court;

                                                    $76,761.00 is the total including fees previously held back

---

[1] The Debtors are the following entities: Kestrel Technologies, Inc., and Kestrel Solutions, LLC. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

**Total Amount of Reimbursement for Expenses:**     $ 647.50

**Previous Applications:**
On 7/17/2013 Hodgson Russ filed its First Interim Fee Application in the amount of $140,900.50; fees allowed were $139,632.50 plus expenses of $5,870.33 and the holdback fees were $27,926.50 [Order docketed at #114].

On 11/25/2013 Hodgson Russ filed its Second Interim Fee Application in the amount of $96,022.50; fees allowed were $93,022.50, deducting $3,000, per the U.S. Trustee's request; plus expenses of $3,004.17 and the holdback fees were $18,604.50 [Order docketed at #132].

**Synopsis of Professional Services Not Previously Approved by the Court, Rendered During the Final Fee Application Period:**

| Professional/ Paraprofessional | Year Admitted to Practice | Hours Billed | Hourly Rate | Total For Application |
|---|---|---|---|---|
| Heidi J. Sorvino, Partner, *Bankruptcy* | 1990 | 32.3 | $700.00 | $22,610.00 |
| Carmine J. Castellano, Associate, *Bankruptcy* | 2006 | 3.7 | $450.00 | $1,665.00 |
| Craig T. Lutterbein, Associate, *Bankruptcy* | 2011 | 13.5 | $275.00 | $3,712.50 |
| Renee A. Leek, Paralegal, *Bankruptcy* | n/a | 7.5 | $180.00 | $1,350.00 |
| Renee A. Leek, Paralegal, *Bankruptcy* | n/a | 5.1 | $175.00 | $892.50 |
| | **Total Hours Billed:** | **62.1** | | |
| | **Blended Hourly Rate (Excluding Paraprofessionals):** | | **$475.00** | |
| | **TOTAL SERVICES RENDERED (Final Fee Application Period)** | | | **$30,230.00** |

- 2 -

HODGSON RUSS LLP
1540 Broadway, 24th Floor
New York, New York 10036
Telephone: (212) 751-4300
Facsimile: (212) 751-0928
Heidi J. Sorvino, Esq.
Carmine J. Castellano, Esq.
James C. Thoman, Esq.

*Counsel to the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

KESTREL TECHNOLOGIES, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 12-15052

(Jointly Administered)

---

**FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION
FOR FEES AND REIMBURSEMENT OF EXPENSES FOR HODGSON RUSS LLP
AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION**

Hodgson Russ LLP ("Hodgson Russ" or the "Applicant"), pursuant to sections 330, 331 and 503(b) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "Local Rules"), and the procedural guidelines adopted by the Executive Office for the United States Trustee (the "Guidelines"), for its third and final fee application for allowance of compensation for fees and reimbursement of expenses (the "Application") as counsel to the debtors and debtors in possession

---

[1] The Debtors are the following entities: Kestrel Technologies, Inc., and Kestrel Solutions, LLC. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

in the above captioned bankruptcy proceedings (the "Debtors"). As counsel to the Debtors, Hodgson Russ respectfully states:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this Application pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue for this bankruptcy proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein are sections 330, 331 and 503(b) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND AND CURRENT STATUS

3. On December 31, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (the "Court") for Kestrel Technologies, Inc. ("Tech") along with a related entity, Kestrel Solutions, LLC ("Solutions" and collectively, the "Debtors"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to manage their estates as debtors-in-possession.

4. By order dated January 18, 2013, the Court approved the joint administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases") pursuant to Rule 1015(b) of the FRBP [Docket no. 28].

5. On January 29, 2013, the United States Trustee appointed The Official Committee of Unsecured Creditors (the "Creditors' Committee").

6. On February 26, 2013, the Court entered an order authorizing the retention of Hodgson Russ as counsel to the Debtors in the Chapter 11 Cases, pursuant to Section 327 of the Bankruptcy Code and Local Rule 2090-1(J), effective, *nunc pro tunc*, as of the Petition Date [Docket no. 51] (the "Retention Order"). A copy of the Retention Order is annexed hereto as ***Exhibit A***.

7. Hodgson Russ' representation has provided significant value to the Debtors, their bankruptcy estates and their creditors. During the course of its representation of the Debtors, Hodgson Russ has guided the Debtors through the bankruptcy filing process, a 363 sale of substantially all of their assets and the contemplated dismissal of these cases through a stipulation of settlement with the Internal Revenue Service and a structured dismissal motion.

8. As Debtors' counsel, Hodgson Russ actively engaged in assisting, advising and representing the Debtors relative to their bankruptcy proceedings, skillfully advised the Debtors with regard to the sale of their business and protection of assets, and dutifully provided all legal services required or requested by the Debtors. Accordingly, Hodgson Russ is entitled to payment of its reasonable fees and expenses as set forth below.

## LEGAL SERVICES RENDERED

9. During the period covered by this Application, November 1, 2013 through and including April 15, 2014 (the "Fee Application Period"), Hodgson Russ provided the Debtors with legal services and advice relative to administering their bankruptcy estates, and concluding their bankruptcy cases.

10. During the Fee Application Period, Hodgson Russ conducted investigations, analyses and research; participated in conferences, examinations and negotiations along with the

Debtors as appropriate; prepared and filed motions, notices, memoranda and other required documents and made court appearances as necessary.

11. During the Fee Application Period, the Debtors filed a Third Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement, which was granted on December 19, 2013 [Docket no. 129].

12. Subsequent to Judge Peck's retirement, Hon. Robert Grossman was assigned to the Chapter 11 Cases. Judge Grossman ordered the Debtors to file a plan and disclosure statement or a motion to dismiss the Chapter 11 Cases by March 4, 2014, or he would convert the Chapter 11 Cases to proceedings under chapter 7 of the Bankruptcy Code.

13. On March 4, 2014, the Debtors filed their Motion to Dismiss Case, Setting Fee Application Deadline, Approving the Form and Substance of Dismissal Order, Authorizing the Distribution of Estate Funds and Granting Certain Related Relief (the "Motion for Structured Dismissal") [Docket no. 137].

14. On April 7, 2014, the Internal Revenue Service filed a limited objection to the Motion for Structured Dismissal. [Docket no. 139].

15. The Debtors, with guidance from Hodgson Russ, were able to negotiate a settlement with the Internal Revenue Service according to the terms of which the Internal Revenue Service agreed to release $375,000 from its tax liens to the estate. Due to the settlement with the Internal Revenue Service, the Debtors expect that an order approving the structured dismissal of the Chapter 11 Cases will be entered in the near future.

16. The Debtors are current with their quarterly obligations to the United States Trustee and have filed monthly operating reports through February, 2014.

17.     This Application is intended to provide a brief summary of the services rendered by Hodgson Russ during the Fee Application Period. The Court is respectfully referred to Exhibits B and C of this Application for a more detailed recitation of the services rendered and disbursements incurred. In accordance with the Guidelines, Hodgson Russ has endeavored to segregate the time entries for work performed in the appropriate categories in as consistent a manner as possible. Because of the multiple timekeepers and the fact that many of the tasks performed overlap between and among the categories, there may be some classification inconsistencies.

## RELIEF REQUESTED

18.     Hodgson Russ appears before this Court seeking approval of compensation pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code, in the amount of $30,230.00 as an administrative expense for the fair and reasonable value of the legal services rendered by Applicant in these cases on behalf of the Debtors during the Fee Application Period. Hodgson Russ requests that the Court order no holdback of fees from this Fee Application Period and, additionally request approval of payment of the holdback fees from the first and second interim fee application period. At this time, Hodgson Russ respectfully requests the Court's approval for full payment of attorney's fees in the amount requested of $30,230.00, and for the payment of prior holdback fees in the amount of $46,531.00, subject to further order of the Court.

19.     Hodgson Russ also seeks $647.05 for expenses advanced incidental to the professional services rendered on behalf of the Debtors during the same period.

20.     Annexed as *Exhibit B* is a detailed list, in the form required by the Court, of all services rendered by Hodgson Russ during the Fee Application Period. With respect to the legal services for which Hodgson Russ seeks compensation, Exhibit B sets forth:  the project category for

- 5 -

the legal services provided; each date on which legal services were provided; the initials of the attorney or paraprofessional who performed the services; the nature of the services performed; the hours spent performing each service; and the dollar value of the services performed.

21. Annexed as **Exhibit C** is an itemized, chronological, monthly statement of all expenses incurred for which Hodgson Russ seeks reimbursement.

22. In connection with the Application, disbursements that are actually paid or incurred by Hodgson Russ are billed. In providing a reimbursable service to the estate, Hodgson Russ does not make a profit on that service.

23. Hodgson Russ has requested reimbursement only for the amount billed by a third party vendor and paid by Hodgson Russ to said vendor. In charging for a particular service, Hodgson Russ does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay and all such charges are in conformity with the Guidelines.

24. A total of 62.1 hours of legal services have been provided by Hodgson Russ on behalf of the Debtors during the Fee Application Period, with a fair value, at the regular hourly rate ordinarily charged by Hodgson Russ to non-bankruptcy clients. The compensation requested for professional services performed by Hodgson Russ on behalf of the Debtors represent total compensation at an average blended hourly rate, not including paraprofessionals, of $475.00.

25. The services for which Hodgson Russ seeks compensation were and are essential to maximizing the value of the assets being administered by the Debtors.

26. Hodgson Russ respectfully asserts that the amounts sought to be recovered through the Application are fair and reasonable given the nature of the services performed on behalf

of the Debtors. Accordingly, Hodgson Russ respectfully requests that the value of its services be fixed in the amount requested above.

27. Upon information and belief, the amount requested for the legal services rendered by Hodgson Russ are less than, or equivalent to, the amount that would be charged by similar law firms for similar legal services.

**WHEREFORE**, Hodgson Russ respectfully requests that this Court enter an Order, substantially in the form annexed as ***Exhibit D***, (1) authorizing as an administrative expense of this chapter 11 proceeding, Hodgson Russ' reasonable attorneys' fees in the amount of $30,230.00 incurred on behalf of the Debtors from November 1, 2013 through and including April 15, 2014, together with disbursements advanced by Hodgson Russ on behalf of the Debtors over the same period in the amount of $647.05 as well as prior holdback fees from the First and Second Interim Fee Applications in the amount of $46,531.00; (2) authorizing and directing the Debtors to pay Hodgson Russ its outstanding attorneys' fees in the sum of $30,230.00, together with the amount of $647.05 for reimbursement of expenses during the same period and payment of prior holdback fees in the amount of $46,531.00; and (3) granting such other and further relief as it may deem just and proper.

Dated: New York, New York
April 30, 2014

                                      **HODGSON RUSS LLP**
                                      *Counsel for the Debtors and Debtors In Possession*

                                      By:   /s/ Heidi J. Sorvino
                                            Heidi J. Sorvino
                                            James C. Thoman
                                            Carmine J. Castellano
                                      1540 Broadway, 24th Floor
                                      New York, New York 10036
                                      Telephone: (212) 751-4300
                                      Facsimile: (212) 751-0928