# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>KESTREL TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 12-15052 (JMP)<br><br>(Jointly Administered) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HODGSON RUSS LLP, AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO 11 U.S.C. § 327(A)

Upon the application of the above-captioned debtors for the entry of an order authorizing the retention and employment of Hodgson Russ LLP ("Hodgson Russ") as counsel to the Debtors, effective *nunc pro tunc* as of the Petition Date[2], pursuant to Section 327(a) of the Bankruptcy Code (the "Application") and upon the Affidavit of Disinterestedness of Heidi J. Sorvino (the "Affidavit"), made pursuant to Bankruptcy Rule 2014(a), the Court, after due deliberation, having jurisdiction to consider the relief requested therein in accordance with 28 U.S.C. Section 1334(b) and having found (i) that notice of the Application was proper; (ii) that Hodgson Russ holds no interest adverse to the Debtors with respect to the matters upon which they are to be engaged; (iii) that Hodgson Russ is a disinterested party under section 101(14) of the Bankruptcy Code; and (iv) that after due deliberation and sufficient cause appearing therefore, the retention of Hodgson Russ as counsel to the Debtors is appropriate and beneficial, now therefor,

---

[1] The Debtors are the following entities: Kestrel Technologies, Inc., and Kestrel Solutions, LLC. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

**IT IS HEREBY ORDERED,** that the Application is granted to the extent provided herein and the Debtors are authorized to retain Hodgson Russ pursuant to Section 327 of the Bankruptcy Code.

**IT IS FURTHER ORDERED,** that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

**IT IS FURTHER ORDERED,** that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

**IT IS FURTHER ORDERED,** that Hodgson Russ shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines.

**IT IS FURTHER ORDERED,** that ten business days' notice must be provided by Hodgson Russ to the Debtors, the United States Trustee and any official committee prior to any increases in the rates set forth in the Affidavit, and such notice must be filed with the Court.

**IT IS FURTHER ORDERED,** that Hodgson Russ shall apply any remaining amounts of its prepetition retainer as a credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first Order of the Court awarding

fees and expenses to Hodgson Russ.

Dated: New York, New York
      February 26, 2013

                                                  *s/ James M. Peck*
                                                  HONORABLE JAMES M. PECK
                                                  UNITED STATES BANKRUPTCY JUDGE

No objection:

s/Richard C. Morrissey
Richard C. Morrissey
United States Trustee