HODGSON RUSS LLP
1540 Broadway, 24th Floor
New York, New York 10036
Telephone: (212) 751-4300
Facsimile:  (212) 751-0928
Heidi J. Sorvino, Esq.
Carmine J. Castellano, Esq.
James C. Thoman, Esq.

*Counsel to the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| KESTREL TECHNOLOGIES, INC., *et al.*, | Case No.  12-15052 |
| Debtors.[1] | (Jointly Administered) |

**FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION
FOR FEES FOR ENGLAND SECURITIES, LLC AS INVESTMENT BANKER
AND FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION**

England Securities, LLC ("England" or the "Applicant"), pursuant to sections 327(a), 328(a) and 503(b) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 2002, 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 and Rule 2016-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "Local Rules"), and the procedural guidelines adopted by the

---

[1] The Debtors are the following entities: Kestrel Technologies, Inc., and Kestrel Solutions, LLC. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

Executive Office for the United States Trustee (the "Guidelines"), final fee application for approval and release of fees previously approved by this Court which were allowed as an administrative expense of these Chapter 11 cases on a final basis (the "Application") in the above captioned bankruptcy proceedings (the "Debtors").  As such, England respectfully states:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this Application pursuant to 28 U.S.C. §§157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue for this bankruptcy proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein are sections 327(a), 328(a) and 503(b) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND AND CURRENT STATUS

3. On December 31, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (the "Court") for Kestrel Technologies, Inc. ("Tech") along with a related entity, Kestrel Solutions, LLC ("Solutions" and collectively, the "Debtors").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to manage their estates as debtors-in-possession.

4. By order dated January 18, 2013, the Court approved the joint administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases")  pursuant to Rule 1015(b) of the FRBP [Docket no. 28].

5.      On March 15, 2013, the Court entered an order authorizing the retention of England as investment banker and financial advisor to the Debtors in the Chapter 11 Cases, pursuant to Section 327(a) and 328(a) of the Bankruptcy Code and Local Rule 2014-1 and 2016-1, effective, *nunc pro tunc*, as of the Petition Date [Docket no. 63] (the "Retention Order"). A copy of the Retention Order is annexed hereto as ***Exhibit A***.

## SERVICES RENDERED

6.      Pursuant to the Retention Order, England was authorized to perform certain services for the Debtors as described in the Engagement Letter, to the extent England deemed necessary, appropriate and feasible and as requested by the Debtors, including:

(a)     Provide financial advice to the Debtors in structuring, evaluating and effecting a sale of the Debtors' assets;

(b)     Advise the Debtors on its preparation of information materials for a potential sale transaction;

(c)     Assist the Debtors in contacting potential purchasers, and meet with and provide such potential purchasers with information materials about the Debtors' assets and business;

(d)     Assist in arranging and executing a sale of the Debtors' assets, including assisting in the due diligence process and negotiating the terms of any proposed sale;

(e)     Assist the Debtors' management and their legal team in gathering and determining the relevant financial information needed for the Bankruptcy Schedules, Statement of Financial Affairs and First Day Motions; and

(f)     Provide testimony in Bankruptcy Court on matters to be mutually agreed in good faith by the Debtors and England.

7.      Kestrel selected England as its investment banker and financial advisor because England has extensive expertise in providing investment banking services to companies

3

in the financial technology sector, as well as experience working with companies facing financial challenges, both in and out of Chapter 11 bankruptcy proceedings.

8. The Bid Procedures/Sale Motion was approved by this Court on February 27, 2013. The Bid Procedures/Sale Order established a bid deadline of May 6, 2013 and an auction date of May 7, 2013.

9. Immediately following the Court's approval of the Bid Procedures/Sale Motion, England initiated an extensive marketing effort for the sale of the Debtors' assets. This marketing effort included preparation of marketing materials, contacting over 115 potential strategic and financial acquirers, and coordinating due diligence efforts, including technology demonstrations, with four potential acquirers.

10. No bids superior to the stalking horse bidder's offer were received by the Debtors prior to the bid deadline, consequently, no auction was held. A Sale Hearing approving the sale of the Debtors' assets to the stalking horse bidder, TFL, was held on May 9, 2013.

11. On or about June 24, 2013, the Debtors consummated the sale of substantially all of its assets to the assignee of TFL (the "Purchaser"). Sale proceeds (net of payment of the DIP loan principal and interest outstanding, and counsel fees for the DIP lender) were transmitted by the Purchaser to an escrow account held by the Debtors' counsel, Hodgson Russ LLP.

12. On July 17, 2013, England filed its First Interim Fee Application [Docket No. 98] for payment of $75,000 of monthly fees plus reimbursement of $5,341.36 of expenses.

An Order granting England's First Interim Fee Application [Docket No. 114] was entered by the Court, subject to a $15,000 (20%) holdback on the allowed fees, on August 20, 2013.

13. On November 26, 2013, England filed its Second Interim Fee Application [Docket No. 128] for payment of $52,500.00 of monthly fees, plus a sale transaction fee of $120,000.00, plus reimbursement of $497.72 of expenses. An Order granting England's Second Interim Fee Application [Docket No. 132] was entered by the Court, subject to a $34,500.00 (20%) holdback on the allowed fees, on December 20, 2013.

14. Pursuant to this Final Fee Application, England is requesting payment of the previously held-back fees in the total amount of $49,500.00.

WHEREFORE, it is respectfully requested that this Court enter an Order, substantially in the form annexed as *Exhibit D*, (1) authorizing and directing the Debtor to pay as an administrative expense of this chapter 11 proceeding, England's prior holdback fees from the First and Second Interim Fee Applications in the amount of $49,500.00; and (2) granting such other and further relief as it may deem just and proper.

Dated: New York, New York
April 30, 2014

HODGSON RUSS LLP
*Counsel for the Debtors and Debtors In Possession*

By:  /s/ Heidi J. Sorvino
Heidi J. Sorvino
James C. Thoman
Carmine J. Castellano
1540 Broadway, 24th Floor
New York, New York  10036
Telephone:  (212) 751-4300

5

073811.00000 Litigation 12034281v1